UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS D. FERGUSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1039-JDT-cgc |
| | ) | |
| CITY OF SAVANNAH POLICE DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER TO MODIFY THE DOCKET AND
DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
OR PAY THE $400 CIVIL FILING FEE

On February 25, 2019, Plaintiff Carlos D. Ferguson, Jr., who is incarcerated at the Hardin County Jail in Savannah, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, (ECF Nos. 1 & 2), and a motion to proceed *in forma pauperis*. (ECF No. 3.)[1]

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*,

---

[1] When this case was opened, it was assigned to the Standard Track for purposes of Local Rule 16.2, governing case management. It seems the Standard Track was chosen because Ferguson's documents contain only his home address in Adamsville, Tennessee, which made it appear he was not incarcerated. However, a closer look at the documents clearly indicates Ferguson is currently incarcerated at the Hardin County Jail. (ECF No. 1 at 2; ECF No. 1-1; ECF No. 3 at 5; ECF No. 4.) The Clerk is directed to MODIFY the docket to re-assign this case to the *Pro Se* Prisoner Track for case management purposes.

716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his trust account statement for the six months immediately preceding the filing of the complaint. *Id.* § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff is not accompanied by certified copy of his trust account statement. Accordingly, Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee[2] or a certified copy of his trust account statement for the last six months.[3] If Plaintiff needs additional time to file the required document, he may request one 30-day extension of time from this Court. *McGore*, 114 F.3d at 605.

If Plaintiff timely submits the necessary document and the Court finds that he is indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *McGore*, 114 F.3d at 605.

---

[2] The civil filing fee is $350. 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires an additional administrative fee of $50 for filing any civil case. That additional fee will not apply if leave to proceed *in forma pauperis* is ultimately granted.

[3] Plaintiff does not need to submit another *in forma pauperis* affidavit.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address.[4] Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

IT IS SO ORDERED.

                                                       s/ **James D. Todd**
                                                      JAMES D. TODD
                                                      UNITED STATES DISTRICT JUDGE

---

[4] As stated, *supra* note 1, Ferguson has provided the Court with only his home address instead of the address for his actual location at the Hardin County Jail. He is advised that using his home address as his address of record in this case could result in failure to actually receive orders and other documents from the Court in a timely manner and timely notice of any deadlines contained therein. Ferguson is warned that his time to comply with a deadline will not be extended due to a delay in his actual receipt of the document at the Jail.